IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02836-ZLW-MEH

SUSAN BEARD,

      Plaintiff,

v.

WACHOVIA CORPORATION,
GOLDEN WEST FINANCIAL CORPORATION SEVERANCE PAY PLAN, and
GOLDEN WEST FINANCIAL CORPORATION SEVERANCE PAY PLAN ADMINISTRATOR,

      Defendants.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

      Pending before the Court is Plaintiff's Request [Motion] for Further Discovery by Plaintiff [filed May 18, 2009; docket #14]. The matter is referred to this Court for disposition. (Docket #15.) The Motion is fully briefed, and oral argument would not assist the Court in its adjudication. For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion.

## I.      Background

      Plaintiff initiated this *pro se* action on December 31, 2008, challenging the denial of her application for benefits pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. (Docket #1.) Plaintiff describes how, as an employee of Golden West Financial Corporation-World Savings prior to the merger between Golden West Financial and Wachovia Corporation on October 1, 2006, she participated in the Golden West Financial Corporation Severance Plan ("Plan"). (Docket #13 at 1-2.) Plaintiff states that on December 6, 2006, her employer, now Wachovia, informed her that the position she held was being eliminated.

(*Id*.)  Plaintiff explains that the Plan required written notice sixty days before the elimination of her position and the opportunity to accept the benefits of the Plan; she received neither.  (Docket #1 at 3-4.)  Plaintiff alleges that she was "subsequently forced" to take another position with Wachovia that paid approximately 70% less and had "significant diminution of position title," beginning January 1, 2007.  (*Id*. at 7; docket # 13 at 2, 4.)

As a result of the position elimination and change, Plaintiff asserts she filed two claims for severance benefits pursuant to the "Good Reason" provision of the Plan.  (*See* docket #13 at 5.)  The first claim was denied because Plaintiff "did not provide written notice of [her] intent to resign within thirty (30) days of the event triggering [her] severance eligibility under the plan."  (*Id*. at 3.)  Plaintiff filed the second claim, which was also denied due to an interpretation of "the plan to allow this type of change to [Plaintiff's] base salary as they had made this change to all employees."  (Docket #1 at 6.)  Plaintiff states she appealed both denials without success.  After seeking the advice of counsel, Plaintiff provided her notice of intent to resign with thirty days to cure as described in the Plan documents, and Wachovia took no action to cure.  (*Id*. at 5.)  Plaintiff identifies October 30, 2007, as her last working date with Wachovia.  (*Id*. at 7.)

Plaintiff believes that at least fifty other prior employees whose positions were also eliminated were offered the severance benefits she seeks.  (Docket #1 at 3, 7.)  Plaintiff claims breach of contract due to "misapplication of the severance benefits," as Plaintiff contends she was "singled out and treated unfairly and differently than other employees whose positions were also eliminated as a result of the merger."  (*Id*.; docket #13 at 6.)  Plaintiff requests approximately $136,588.00 in damages.

Defendants contend that an arbitrary and capricious standard of review applies to Plaintiff's

claim for benefits, pursuant to *Firestone Tire and Rubber Co. v. Bruch,* 489 U.S. 101 (1989) and *Metropolitan Life Ins. v. Glenn*, 128 S. Ct. 2343, (2008). (Docket #13 at 10.) In sum, Defendants assert that Plaintiff is not entitled to severance under the Plan for her stated reasons, namely "(1) her position was eliminated; and (2) her compensation structure was changed." (*Id*. at 7.) In response to Plaintiff's claim that benefits are due because her position was eliminated, Defendants argue that Plaintiff failed to provide the requisite written notice of her intent to resign within thirty days of "the event triggering her severance eligibility," that is, when Plaintiff began working the new position on January 1, 2007. Defendants state Plaintiff gave notice on October 1, 2007, "well beyond the thirty (30) day requirement." (*Id*.) Regarding Plaintiff's belief that the change in her compensation implicated severance benefits, Defendants allege that because the compensation change was applicable to all employees in Plaintiff's new branch, the change did not constitute an event entitling Plaintiff to Plan benefits. (*Id*.) Defendants also rely on the "Good Reason" provision of the Plan. (*Id*. at 7-8.)

Plaintiff's Motion presently before the Court requests formal discovery, as Plaintiff believes the "administrative record is egregiously incomplete." (Docket #14 at 1.) Plaintiff contends the omission of certain documents implicates that a "full and fair review of the case" cannot be conducted. (*Id*.) Plaintiff asserts that the Plan itself entitles her to "reasonable access to, and copies of, all documents, records and other information relevant to the Claimant's claim for benefits." (*Id*. at 2.) Plaintiff states she repeatedly requested documentation relevant to her claim throughout the administrative process, and to date has not received a list of certain requests, as stated in her Motion. (*Id*. at 2-3.) In support of her Motion and her case generally, Plaintiff argues that the job elimination procedure as provided for in the Plan was not adhered to, the notice requirements of the plan were

3

delivered to affected employees the day before the thirty-day notice period expired, Wachovia misconstrued the notice Plaintiff provided on October 1, 2007, Defendants' proffered documentation demonstrates numerous inconsistences, Plaintiff was "singled out and treated unfairly and differently than other employees," and the Defendants misapplied the "Good Reason" provision of the Plan to Plaintiff's claims.  (*See* docket #14.)

Because Defendants believe the arbitrary and capricious standard applies to Plaintiff's Complaint, Defendants assert Plaintiff's discovery is limited to the administrative record.  (Docket #20 at 4.)  Defendants contend the entire record has been provided to Plaintiff, and the arguments in her Motion fail to compel a different result.

After preliminary review of the briefing on Plaintiff's Motion, the Court held a hearing on June 25, 2009.  (*See* docket #27.)  The Court ordered supplemental briefing regarding the Supreme Court's decision in *Metropolitan Life Ins. v. Glenn*, 128 S. Ct. 2343 (2008).  Additionally, the Court ordered Plaintiff to supplement her Motion with a list of proposed discovery requests, including specific Requests for Production of Documents, Requests for Admissions and Interrogatories.  The Court has reviewed the briefing on this matter, including the supplements provided by the parties, and is fully advised on the matter.

## II.    Legal Standard

As Plaintiff proceeds *pro se* in this action, the Court must construe her "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean

4

"if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Tenth Circuit qualifies this interpretation in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

Where, as is undisputed in this case, the ERISA plan in question grants the plan administrator or its delegate discretion in interpreting the terms of and determining the grant of benefits under the plan, the decision on the grant or denial of benefits must be upheld unless the decision was arbitrary and capricious.[1] *Glenn,* 128 S. Ct. at 2346 (citing *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 111, 115 (1989)) (if a benefit plan bestows discretion to an administrator, courts must apply a deferential abuse-of-discretion standard of review); *Chambers v. Family Health Plan Corp.*, 100 F.3d 818, 825 n.1 (10th Cir. 1996) (in light of *Bruch*, equating the "abuse of discretion" standard with "arbitrary and capricious" review).  "Potential indicia of arbitrary and capricious actions include bad faith or conflict of interest by the fiduciary." *Sandoval v. Aetna Life and Cas. Ins. Co.*, 967 F.2d 377, 380 n.4 (10th Cir. 1992) (citation omitted).  The *Glenn* Court reiterated its conclusion from *Bruch* that a reviewing court should consider a conflict of interest as a factor in determining whether the plan administrator has abused its discretion in denying benefits, and the significance of the factor will depend upon the circumstances of the particular case.  128 S. Ct. at 2348.

## III.    Analysis

---

[1]Defendants demonstrate Defendant Golden West is the Plan Administrator, and pursuant to the Plan, enjoys "exclusive and express discretionary authority to construe and to interpret the Plan . . . ." (Docket #20 at 2-3.)

"In reviewing a plan administrator's decision under the arbitrary and capricious standard, the federal courts are limited to the administrative record - the materials compiled by the administrator in the course of making his decision." *Weber v. GE Group Life Assurance Co.*, 541 F.3d 1002, 1011 (10th Cir. 2008) (quoting *Fought v. Unum Life Ins. Co. of Am.*, 379 F.3d 997, 1003 (10th Cir. 2004)).   However, courts in this district and in other districts have allowed limited discovery for the purpose of determining the scope of a conflict of interest.  *See Kohut v. Hartford Life & Accident Ins. Co.*, No. 08-cv-00669-CMA-MJW, 2008 WL 5246163, *13 (D. Colo. Dec. 16, 2008) (overturning magistrate judge's decision to deny all extra-record discovery in ERISA matter following the conflict of interest analysis in *Glenn*); *Paul v. Hartford Life and Accident Ins. Co.,* No. 08-cv-00890-REB-MEH, 2008 WL 2945607, *3 (D. Colo. July 28, 2008) (permitting limited discovery on the narrow question of an alleged conflict of interest); *Hoyt v. Prudential Ins. Co. of Am.*, No. 07-cv-02210-LTB-KLM, 2008 WL 686922, *2 (D. Colo. Mar. 12, 2008) (permitting limited discovery related to the alleged bias of an evaluator and the policies and procedures used to make the decision); *Stern v. El Paso Corp.,* No. 06-cv-01562-REB-PAC, 2007 WL 1346597, *3 n.4 (D. Colo. 2007) (recognizing that some discovery has been allowed in ERISA cases where plaintiff asserts bias or challenges procedures); *Jeffryes v. Hartford Life & Accident Ins. Co.*, 05-cv-01770-EWN-CBS, 2006 WL 1186493, *2 (D. Colo. May 4, 2006) (allowing limited discovery into the procedure by which the administrator made its decision); *see also Calvert v. Firstar Finance, Inc.,* 409 F.3d 286, 293 n.2 (6th Cir. 2005) (recognizing that bias on the part of the administrator may be grounds for allowing discovery); *Orndorf v. Paul Revere Life Ins. Co.,* 404 F.3d 510, 520 (1st Cir. 2005) (finding that "evidence outside the administrative record might be relevant to a claim of personal bias by a plan administrator"); *Miller v. Cingular Wireless LLC,* 2007 WL 14675, *4 (N.D.

Okla. Jan. 3, 2007) (affirming an order allowing limited discovery concerning the possible existence and extent of a conflict of interest by the plan administrator).

While the Plaintiff has not specifically alleged a "conflict of interest" on the part of the plan administrator in this case, the obligation of the Court is to construe the *pro se* Plaintiff's filings liberally. Here, the Court finds that Plaintiff clearly alleges bias by the plan administrator, which may implicate a conflict of interest in this case as Defendant is both the plan administrator and payor of the severance benefit. Thus, while it is not proper to allow the Plaintiff to conduct discovery directed at uncovering additional evidence of her eligibility for severance benefits (*see Kohut*, 2008 WL 5246163 at *12), this Court will permit limited discovery related to the alleged bias against Plaintiff in this case.

The Court interprets Plaintiff's claims of being "singled out and treated unfairly and differently than other employees" as adequately-pled claims of bias in this matter. Accordingly, the Court will allow the Plaintiff to propound the following discovery requests; all other requests are denied as overbroad, irrelevant and/or improperly seeking discovery into the merits of the claim:

1. Plaintiff's Request for Admission #4, which the Court construes as an Interrogatory: "Why was I excluded from receiving my rightful severance benefits when others in similar circumstances were provided them with the elimination of their positions?" (Docket #29 at 3.)

2. Plaintiff's Request for Admission #6, which the Court construes as an Interrogatory: "Was I discriminated against because of my race, national origin, age, management favor to other employees, or the fact that I was out of the office on an approved medical leave of absence; collecting disability due to multiple surgeries related to a car accident I was involved in while driving a company car; conducting company business; during company work time; which I had no fault in?" (*Id.*)

3. Plaintiff's Interrogatory #4: "Why was I singled out and treated differently than other employees in similar situations to be subsequently forced, against my will, to take a non-comparable position to remain employed with Wachovia on 01/01/07?" (*Id.* at 8.)

7

4.      Plaintiff's Interrogatory #7: "How can Wachovia support that the change in my base salary of $6,840 to $2000 and constituting more than a 70% reduction be deemed fair as my salary was admittedly considerably higher than others in the same position?" (*Id*. at 9.)

**IV.     Conclusion**

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Request [Motion] for Further Discovery by Plaintiff [filed May 18, 2009; docket #14] as set forth herein. Defendants shall respond to the specifically identified discovery requests in this Order on or before **August 17, 2009**.

Dated at Denver, Colorado, this 16th day of July, 2009.

BY THE COURT:


 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge